UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTASIO DOMINGUEZ SANTIAGO (A-221-421-502),<br><br>Petitioner,<br><br>v.<br><br>Warden of the Central Valley Annex, et al.,<br><br>Respondents. | No. 1:26-cv-01879 DAD-CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Anastasio Dominguez Santiago (A-221-421-502), a native and citizen of Mexico who is proceeding without counsel, has filed a verified First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner entered the United States in October 1995.  On June 17, 2025, petitioner was detained by immigration authorities and has been in continuous detention since this date.  On January 6, 2026, an immigration judge ordered petitioner released on a $7,500 bond.  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Mexico.  (ECF No. 1 at 6.)  Petitioner, the oldest of six children, and his family were living in extreme poverty.  (Id.)  In October 1995, petitioner entered the United States without inspection when he was 18 years old.  (Id.)  Petitioner is married and has two United States citizen children, a son serving in the Army and a daughter in college.  (ECF No. 1 at 8.)  After working for several years picking fruit, working for a landscaping company, petitioner founded a landscaping company at the age of 34. (ECF No. 1 at 6, 8.)

On June 17, 2025, petitioner was working as a gardener when U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner.  (See ECF No. 17 at 7; ECF No. 10-6.)  On June 25, 2025, petitioner requested a custody redetermination hearing.  (ECF No. 12 at 2; ECF No. 10-5.)  On July 15, 2025, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (ECF No. 10-3)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id. at 1.)

A bond hearing was held on January 6, 2026 before an immigration judge, who ordered petitioner released on a $7,500 bond.  (ECF No. 7-2; ECF No. 10-1; ECF No. 12 at 4, 7.)  On January 16, 2026, the government appealed the immigration judge's bond release order.  (See ECF No. 7-3; ECF No. 10-2; ECF No. 12 at 5.)  This appeal is still pending.  (ECF Nos. 10, 11, 15.)  As the government concedes, the bond release order is not currently stayed.  (See ECF No. 15 at 3.)

Though the record includes reference to an arrest from thirty years, respondents do not contend that petitioner is detained on any criminal basis or that petitioner is a danger or flight

---

[2]  Petitioner filed a verified First Amended habeas petition.  (ECF No. 12 at 31.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF Nos. 7, 15.)

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

risk.  (See ECF Nos. 7, 15.)

Petitioner has been in continuous detention since June 17, 2025.  (ECF Nos. 1, 12.)  Generally, respondents do not contest petitioner's factual allegations.  (See ECF Nos. 7, 15.)

**II.    PROCEDURAL BACKGROUND**

On March 9, 2026, petitioner filed his petition for writ of habeas corpus after he had been detained for over eight months.  (ECF No. 1.)  On March 23, 2026, respondents timely filed a consolidated answer and motion to dismiss the petition for failure to exhaust administrative remedies where the government's appeal of the immigration judge's bond order was still pending.  (ECF No. 7.)  Based on the government's response, the Court ordered respondents to provide the current status of the appeal and certain immigration documents.  (ECF No. 9.)  On April 13, 2026, respondents submitted the immigration judge's bond order, filing receipt of the government's appeal, and other documents.  (ECF No. 10.)  On April 14, 2026, respondents submitted a declaration confirming that the appeal was still pending.  (ECF No. 11.)  On April 20, 2026, petitioner filed a verified First Amended Petition.  (ECF No. 12.)  On May 1, 2026, respondents timely filed a consolidated answer and motion to dismiss the First Amended Petition, incorporating its prior motion and responding to petitioner's additional arguments raised in the First Amended Petition.  (ECF No. 15.)  On May 7, 2026, petitioner timely responded to the motion to dismiss.  (ECF No. 16.)  Briefing is now complete.

**III.   LEGAL STANDARDS**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's

habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner."  The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

**IV.     DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his continued detention based on the violation of the following:  (1) the Fifth Amendment procedural due process clause (counts one and four); (2) the Immigration and Nationality Act ("INA") (count two); and (3) the Fifth Amendment substantive due process clause (count three).  (ECF No. 12 at 20-25.)  Petitioner also challenges the government's invocation of the automatic stay of the immigration judge's bond release order.  (ECF No. 12 at 6, 12.)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 1-2.)  Respondents cite Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2) is applicable here.  (Id.)  Respondents also argue that petitioner failed to exhaust his administrative remedies because the government's appeal of the immigration judge's bond release order is pending.  (Id. at 3-4; ECF No. 15.)

///

///

///

4

### A.    Statutory Claim (Count Two)[4]

This Court must first decide whether petitioner, who has no criminal record and has lived in the United States since October 1995, is subject to § 1226(a) as petitioner contends, or whether petitioner is subject to mandatory detention under § 1225(b)(2) as respondents argue.  (See ECF No. 16 at 2; ECF No. 7; ECF No. 15 at 1 (incorporating the arguments in its filing at ECF No. 7).) 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing."  Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention.  (ECF No. 7 at 1-2.)

The Court concludes that § 1226(a) applies to petitioner.  This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting

---

[4] Petitioner is proceeding pro se and pro se pleadings are liberally construed.  Though the petition references 8 U.S.C. § 1226(c) in reference to prolonged detention and 8 U.S.C. § 1231(a)(6) in the statutory claim, those provisions do not apply here where the government does not assert a criminal basis for detention under § 1226(c) and there is no final order of removal under § 1231(a)(6), the Court construes the statutory claim as challenging the statutory basis for petitioner's detention.  (See ECF No. 12.)  Respondents present argument as to the statutory basis for petitioner's detention, arguing that petitioner is detained pursuant to § 1225(b)(2).  (See ECF No. 7 at 1-2; ECF No. 15 at 1 (incorporating the arguments in its filing at ECF No. 7).) Therefore, there is no prejudice to respondents in the Court's construction.  (See ECF Nos. 7, 15.)

respondent's new interpretation[5] of Sections 1225 and 1226.  See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026) [6]; Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); Rodriguez Vazquez v. Bostock, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to

---

[5] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.
[6] The full case citation also includes the following: Juan Manuel Lopez-Campos (25-1965); Juan Carlos Sanchez Alvarez (25-1969); Jose Daniel Contreras-Cervantes; Fredy De Los Angeles-Flores; Mariela Virginia Ocando-Leon; Luis Felipe Jarquin-Jarquin; Debbie Vasquezcruz; Jairo Manuel Godoy-Perez; Marifer Diaz-Alcantar; Miguel Angel Reyes-Sanchez (25-1978); Jesus Jose Pizarro Reyes (25-1982) v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations (25-1965/1969/1978/1982); Markwayne Mullin, Sec'y of U.S. Dep't of Homeland Security; U.S. Dep't of Homeland Sec. (25-1965/1969); Todd W. Blanche, Acting U.S. Att'y General; Exec. Off. of Immigr. Rev. (25-1965), 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.").

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, respondents' reliance on Buenrostro-Mendez, 166 F.4th 494 is unavailing. This Court does not find Buenrostro-Mendez or Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026) to be persuasive, and instead finds the analysis in Castañon-Nava, 161 F.4th at 1060-62, and Barbosa da Cunha, 2026 WL 1146044, to be more persuasive. See also Lopez-Campos, 2026 WL 1283891, at *1; Hernandez Alvarez, 2026 WL 1243395; Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava, 161 F.4th at 1052; Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same). As the Second Circuit explained in Barbosa da Cunha:

> Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.
>
> This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

Barbosa da Cunha, 2026 WL 1146044 at *2.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for over 30 years and petitioner's June 2025 detention was not upon his arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)).  If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release.  Rodriguez Diaz v. Garland, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  As such, petitioner should have been provided a bond hearing before his detention and is entitled to relief on his statutory claim.  See also Cajina v. Wofford, 2025 WL 3251083, at *1, 6 (E.D. Cal. Nov. 21, 2025) (ordering petitioner's immediate release and enjoining and restraining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with driving under the influence).

///

8

**B.      Exhaustion and Automatic Stay of Immigration Judge's Bond Release Order**

In their motion to dismiss, respondents argue that the First Amended Petition should be dismissed because petitioner has not exhausted his administrative remedies.  (ECF Nos. 7, 15.) Petitioner argues that exhaustion is not required and should be waived because any further requests for bond or reconsideration would be futile where petitioner has already requested a custody redetermination hearing, received bond release from an immigration judge, and the government invoked automatic stay of the immigration judge's bond release order.  (ECF No. 12 at 4-6.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).  However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile.  Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

This Court concludes that the government's exhaustion arguments fail because petitioner did exhaust his administrative remedies by requesting a custody redetermination and receiving a bond hearing before an immigration judge.  See Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1134 (D. Nev. 2025) (concluding petitioner exhausted his administrative remedies where "he sought review of his custody from an IJ pursuant to the procedural protections he is afforded under § 1226(a) and successfully established that he should be released on bond").  Even if petitioner is found to not have exhausted his administrative remedies, the Court concludes that the prudential exhaustion requirement should be waived because administrative remedies are inadequate and irreparable injury may occur without immediate judicial relief.  See id. (concluding that "[t]he doctrine of prudential exhaustion is thus not implicated where DHS—not Petitioner—is the party asking the BIA to overturn the IJ's determination" of bond, and "to the extent the doctrine of prudential exhaustion would apply," finding that exhaustion would be futile).  Here, an immigration judge ordered petitioner's release on bond on January 6, 2026 after finding petitioner was not a danger or risk of flight.  (See ECF No. 10-1; ECF No. 11-1 at 2; ECF No. 12 at 14; ECF No. 16 at 2.)  The government filed its notice of appeal of the immigration judge's bond release order on January 16, 2026.  (ECF No. 10-2 at 1; ECF No. 11-1 at 2.)  The Board of Immigration Appeals ("BIA") has not stayed the bond release order or acted on the government's appeal.  (See ECF No. 15 at 3 ("There was no decision on the bond appeal from the BIA in that time and the BIA did not issue a further discretionary stay.").)  In addition, respondents do not contest that in ordering petitioner released, the immigration judge found that petitioner was not a danger or risk of flight.  (See ECF No. 15.)  Finally, petitioner has submitted an affidavit from Star Dominguez-Miranda that repeated attempts to pay petitioner's bond "for months" have been refused by ICE.  (ECF No. 12 at 34.)

Petitioner also contends that the government's invocation of the automatic stay of the immigration judge's bond release order pursuant to 8 C.F.R. § 1003.19(i)(2) is unconstitutional, violating his due process rights.  (See ECF No. 12 passim.)  The government does not respond substantively to this argument and instead responds that petitioner's argument is moot because the 90-day stay period has lapsed under 8 C.F.R. § 1003.6(c)(4) and conceding that the BIA has not

10

issued a discretionary stay of the immigration judge's bond release order.  (See ECF No. 15 at 3.)

The two regulations at issue are as follows.

> 8 C.F.R. § 1003.19(i) Stay of custody order pending appeal by the government —
>
> > (2) Automatic stay in certain cases.  In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR-43 is subject to the discretion of the Secretary.
>
> 8 C.F.R. § 1003.6(c) The following procedures shall be applicable with respect to custody appeals in which DHS has invoked an automatic stay pursuant to 8 CFR 1003.19(i)(2).
>
> > (4) If the Board has not acted on the custody appeal, the automatic stay shall lapse 90 days after the filing of the notice of appeal. However, if the Board grants a motion by the alien for an enlargement of the briefing schedule provided in § 1003.3(c), the Board's order shall also toll the 90-day period of the automatic stay for the same number of days.

The Court first notes that the government has not established that it followed its own regulations to actually invoke the automatic stay of the immigration judge's bond release order pursuant to 8 C.F.R. § 1003.19(i)(2), which requires the government to file "a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court within one business day of the order."  While the record indicates that the government filed its notice of appeal on January 16, 2026 (see ECF No. 10-2 at 1), there is no record that the government filed a notice of intent to appeal the custody redetermination (Form EOIR-43) within one business day of the January 7, 2026 immigration judge's written release order.  (See Docket; see, e.g., ECF Nos. 10, 11, 15.)  Though the government filed a declaration from an Executive Office for Immigration Review ("EOIR") paralegal who reviewed EOIR's electronic records regarding the appeal of petitioner's bond release order, the government did not indicate that the required notice of intent

to appeal the custody redetermination (Form EOIR-43) was filed, let alone timely filed within one business day as required by its own regulations. (See ECF No. 11-1.)  The Court notes that this is in contrast to cases where the government submitted records of its filing of the required Form EOIR-43 to establish invocation of the automatic stay pursuant to 8 C.F.R. § 1003.19(i)(2), which suggests that the government failed to actually invoke the automatic stay for petitioner in this case.  See Garcia Jimenez v. Kramer, et al., No. 4:25-cv-03162-JFB-RCC, 2025 WL 2374223, at *1 (D. Neb. Aug. 14, 2025).  Regardless of whether the government actually invoked the automatic stay pursuant to 8 C.F.R. § 1003.19(i)(2), the outcome here is the same—the immigration judge's bond release order is not stayed—either because it was never stayed, or even if it was automatically stayed pursuant to 8 C.F.R. § 1003.19(i)(2), the government concedes that the stay lapsed on April 17, 2026 and the BIA has not issued a discretionary stay of the order. (See ECF No. 15 at 3.)  Therefore, the Court need not reach this constitutional question[7] because if any such automatic stay had been invoked by the government, there is no dispute that there has been no stay since at least April 17, 2026, and the BIA has not issued a discretionary stay. (See ECF No. 15 at 3.)

> **C.    Petitioner's Other Claims for Relief**

In light of the Court's recommendation that petitioner's requested relief be granted on his statutory claim (count two), petitioner's remaining claims (counts one, three, and four) need not be resolved.

## V.    MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed motions for appointment of counsel.  (ECF Nos. 2, 13.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

---

[7]   The Court notes that other district courts have found the government's invocation of the automatic stay of an immigration judge's bond release order pursuant to 8 C.F.R. § 1003.19(i)(2) to be unconstitutional, violating procedural due process and substantive due process as applied to noncitizens like petitioner.  See Garcia Jimenez, 2025 WL 2374223, at *4; Maldonado Vazquez, 805 F. Supp. 3d at 1148-49.

§ 2254 Cases.  Because the Court recommends that the petition be granted, petitioner's motions for appointment of counsel are denied without prejudice.

## VI.  RESPONDENTS' MOTION TO DISMISS

For the reasons set forth above, respondents' motion to dismiss (ECF Nos. 7, 15) should be denied.

## VII.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for appointment of counsel (ECF Nos. 2, 13) are denied without prejudice.  The Clerk of the Court is instructed to serve a courtesy copy of these Findings and Recommendations to the following individuals identified in petitioner's pro se First Amended Petition:  by e-mail to Star Dominguez-Miranda, 83336 Tourmaline Avenue, Indio, CA 92201, stardominguez21@icloud.com; and Jeffrey E Ryan, 115 South Chapparal Court, Suite 225, Anaheim, CA 92808.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF Nos. 1, 12) be GRANTED.

2. Respondents' motion to dismiss (ECF Nos. 7, 15) be DENIED.

3. Respondents be ordered to IMMEDIATELY release petitioner Anastasio Dominguez Santiago (A-221-421-502) and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

4. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

5. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

6. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven days** after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sant.1879.26.frs-merits

14